IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHEPARD JOHNSON,

Plaintiff, No. CIV S-10-1968 GEB GGH PS

vs.

CHESTER MITCHELL, et al.,

ORDER

Defendants.

_______________________________________/

On March 2, 2012, this court granted plaintiff a final 60-day period within which to complete service of process on all defendants, cautioning plaintiff that failure to complete service of process within this period, i.e. by May 1, 2012, would result in a recommendation that the unserved defendants be dismissed from the case. (Dkt. No. 169.) The court explained that this action was originally filed on July 23, 2010, and that although the court had, in light of plaintiff's pro se status, until then liberally allowed plaintiff to amend his complaint and serve new defendants, the action now needed to move forward. (Id.)

With the May 1, 2012 deadline approaching, on April 16, 2012, plaintiff filed a motion for leave to serve two defendants, Rogelio Arosemena and Manuel Berrocal, both citizens of Panama, with process via e-mail. (Dkt. No. 190.) After reviewing the papers in support of the

motion, the court concludes that further briefing and oral argument would not be of material assistance in resolving the motion. Accordingly, the motion will be decided on the papers submitted.

BACKGROUND

The background facts related to this action were set forth in detail in the court's March 2, 2012 order and findings and recommendations addressing other motions in this matter. (Dkt. No. 169.) Thus, the court only summarizes the basic facts pertinent to the instant motion.

Defendants Manuel Berrocal and Rogelio Arosemena were first named as defendants on August 24, 2011 in plaintiff's corrected second amended complaint (dkt. no. 80), and continues to be named as defendants in the operative third amended complaint filed on November 6, 2011 (dkt. no. 119). Both defendants are alleged to be citizens of Panama residing in Panama. (Id.)

Plaintiff's declaration in support of the instant motion outlines the efforts plaintiff made to locate and serve defendants Berrocal and Arosemena. Plaintiff states that he knew that both defendants were Panama attorneys. To locate defendant Arosemena's address, plaintiff researched the criminal complaints defendant Arosemena filed in Panama on behalf of other defendants that referenced his address. He then located the websites of defendants Arosemena and Berrocal, which also provided their mailing addresses and e-mail addresses. (Dkt. No. 190 at 3.)

On August 30, 2011, plaintiff served defendants Arosemena and Berrocal via U.S. mail (priority mail) "per CCP 415.30."[1] However, neither defendant returned the acknowledgment of receipt of the summons. Subsequently, on September 9, 2011, plaintiff

[1] Cal. Civ. Proc. Code § 415.30 allows service by mail accompanied by copies of a notice and acknowledgement of receipt. If the person fails to complete and return the acknowledgement of receipt, the plaintiff is required to attempt other methods of service, although the person to be served may then be held liable for the reasonable expenses incurred in serving the person by another method.

served these defendants via e-mail with delivery receipt requested "per CCP 415.30." Although the delivery receipt of the e-mail was returned confirming that defendants Arosemena and Berrocal received the e-mails, these defendants again did not return the acknowledgment of receipt of the summons. Around November 2011, plaintiff contacted the Clerk of Court to determine whether it would address mail for service of process outside the United States pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii).[2] The Clerk of Court apparently informed plaintiff that it does not perform that service. Plaintiff then decided to pursue service via the Letters Rogatory process. (Dkt. No. 190 at 3.)

Plaintiff further states that after the court issued its March 2, 2012 order requiring service of process to be completed within 60 days, he concluded that the Letters Rogatory process would take too long (6 months to one year) and instead decided to attempt service pursuant to "CCP 415.40."[3] According to plaintiff, he served defendants Arosemena and Berrocal on March 19, 2012 "according to FRCP Rule 4(f)(2)(c)(ii) and CCP 415.40" by using Fed Ex international airmail requiring a return receipt. He attaches tracking documentation indicating that the service documents were delivered and signed for on March 21, 2012 at the defendants' respective offices. Furthermore, plaintiff asserts that, on March 25, 2012, he again confirmed with the Clerk of Court that it does not "address and send envelopes as described in rule 4(f)(2)(C)(ii) for service of process for foreign defendants." (Dkt. No. 190 at 3-4.)

\\\\\

---

[2] Fed. R. Civ. P. 4(f)(2)(C)(ii) provides that "[u]nless federal law provides otherwise, an individual...may be served at a place not within any judicial district of the United States:...(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:...(C) unless prohibited by the foreign country's law, by:..(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt...."

[3] Cal. Civ. Proc. Code § 415.40 states: "A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing."

Plaintiff believes that service on defendants Berrocal and Arosemena was completed on April 2, 2012 (March 21, 2012 plus the 10 days pursuant to Cal. Civ. Proc. Code § 415.40).[4] Nevertheless, out of abundance of caution, plaintiff requests leave to serve both defendants by e-mail pursuant to Fed. R. Civ. P. 4(f)(3).

DISCUSSION

Rule 4(f) of the Federal Rules of Civil Procedure outlines the methods by which an individual in a foreign country may be served with process:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; (B) as the foreign authority directs in response to a letter rogatory or letter of request; or (C) unless prohibited by the foreign country's law, by: (i) delivering a copy of the summons and of the complaint to the individual personally; or (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) *by other means not prohibited by international agreement, as the court orders*.

Fed. R. Civ. P. 4(f) (emphasis added).

As an initial matter, the court notes that, contrary to plaintiff's contention, defendants Berrocal and Arosemena have not yet been properly served with process pursuant to Fed. R. Civ. P. 4(f). Plaintiff's attempts to serve process pursuant to the California Code of Civil

---

[4] This calculation appears to be incorrect for several reasons. Even assuming that plaintiff may serve these defendants pursuant to Cal. Civ. Proc. Code § 415.40 (which plaintiff cannot do for the reasons discussed below), 10 days after March 21, 2012 would be March 31, 2012. Moreover, the ten days are calculated from the date of mailing (March 19, 2012), not the date of apparent receipt (March 21, 2012). <u>See</u> Cal. Civ. Proc. Code § 415.40.

Procedure are not valid, because the Federal Rules do not incorporate state law methods for service of process for purposes of serving *foreign* individual defendants.[5] Additionally, plaintiff did not effect service of process pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii), because the Clerk of Court never addressed and sent the service papers to the above-mentioned defendants. Nevertheless, it appears that plaintiff has been making substantial efforts to serve defendants Berrocal and Arosemena and provide them with notice of this litigation. Thus, the court must consider whether it would be appropriate to order service pursuant to Fed. R. Civ. P. 4(f)(3).

The Ninth Circuit extensively discussed the issue of service of process under Fed. R. Civ. P. 4(f)(3) in Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007 (9th Cir. 2002). In Rio Properties, Inc., the plaintiff filed a trademark infringement action against the defendant, a Costa Rican entity. Id. at 1012-13. The plaintiff first attempted to serve the defendant at the Florida address where it registered infringing domain names, but discovered that the Florida address only housed the defendant's international courier, which was not authorized to accept service on the defendant's behalf. Id. at 1013. However, the courier agreed to forward the service papers to the defendant, which actually received it. Id. Subsequently, a Los Angeles attorney consulted by defendant contacted the plaintiff to inquire about the lawsuit, but refused to accept service on the defendant's behalf. Id. Thereafter, the plaintiff investigated the possibility of serving the defendant in Costa Rica, but discovered that the defendant preferred communication through e-mail at a specified e-mail address and received any regular mail at the Florida address. Id. Unable to serve defendant by conventional means, the plaintiff then filed a motion for alternate service pursuant to Fed. R. Civ. P. 4(h)(2)[6] and 4(f)(3). Id. The court

---

[5] By contrast, Fed. R. Civ. P. 4(e)(1) allows a party to follow state law for serving a summons on an individual served within a judicial district of the United States.

[6] Fed. R. Civ. P. 4(h)(2) provides that "[u]nless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:...(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

granted the motion and ordered service of process on the defendant through the mail to the Los Angeles attorney and the Florida address, and via the defendant's e-mail address. Id.

On appeal, the Ninth Circuit held that the court-ordered service of process pursuant to Fed. R. Civ. P. 4(f)(3) was proper. The court stated:

> "As is obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text. In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country...Thus, examining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief."...It is merely one means among several which enables service of process on an international defendant.

Rio Properties, Inc., 284 F.3d at 1014-15. The Ninth Circuit held that the plaintiff "need not have attempted every permissible means of service of process before petitioning the court for alternative relief." Id. at 1016. Instead, the plaintiff only needs to demonstrate that the facts and circumstances of the case necessitated the district court's intervention. Id. The court noted that "[a]pplying this proper construction of Rule 4(f)(3) and its predecessor, trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." Id.

The Ninth Circuit acknowledged that "[e]ven if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process. To meet this requirement, the method of service crafted by the district court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Rio Properties, Inc., 284 F.3d at 1016. However, the court found that the methods of service ordered in that case were reasonably calculated to provide notice. Id. at 1017. Service by mail to the Florida address was appropriate,

because the Costa Rican entity listed it as its own address when registering the infringing domain name and received its mail there. Id. Moreover, the defendant actually received the service papers routed through that address. Id. Service by mail to the Los Angeles attorney was also appropriate, because he had been consulted by and was in contact with the defendant. Id. Finally, service on defendant by e-mail was particularly appropriate, because the defendant had designated its email address as its preferred contact information. Id. at 1018. The court observed that "when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process." Id.

The Ninth Circuit concluded by stating:

> Despite our endorsement of service of process by email in this case, we are cognizant of its limitations. In most instances, there is no way to confirm receipt of an email message. Limited use of electronic signatures could present problems in complying with the verification requirements of Rule 4(a) and Rule 11, and system compatibility problems may lead to controversies over whether an exhibit or attachment was actually received. Imprecise imaging technology may even make appending exhibits and attachments impossible in some circumstances. We note, however, that, except for the provisions recently introduced into Rule 5(b), email service is not available absent a Rule 4(f)(3) court decree. Accordingly, we leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case.

Rio Properties, Inc., 284 F.3d at 1018.

In this case, the court concludes that it is appropriate to order service of process pursuant to Fed. R. Civ. P. 4(f)(3). As noted above, even though defendants Berrocal and Arosemena have not strictly and formally been served with process to date, plaintiff has already made substantial efforts to notify them of this litigation and solicit their response via U.S. priority mail, email, and Fed Ex international airmail, without any success. Also, because Panama is not a signatory to the Hague Convention regarding service of judicial documents, plaintiff is fairly limited in the methods that he can utilize to serve these defendants. Personal service in Panama is likely to be burdensome and costly, whereas the Letters Rogatory process often takes a long

time, as much as one year, to be completed. Furthermore, the court is unaware of any international agreement that would prohibit such an order. Accordingly, the court will permit plaintiff to effectuate service of process pursuant to Fed. R. Civ. P. 4(f)(3) by serving the required service papers and a copy of this order on defendants Berrocal and Arosemena via both (a) e-mail, at all known e-mail addresses for each defendant and (b) U.S. Express Mail International, all postage pre-paid, at all known mailing addresses for each defendant.

The court is satisfied that the methods of service to be utilized, especially when combined with plaintiff's prior service attempts and notifications regarding the litigation, satisfy due process requirements, i.e. are reasonably calculated, under all the circumstances, to apprise defendants of the action and afford them an opportunity to respond. While it is true that, unlike in Rio Properties, Inc., the court is unable here to confirm that plaintiff has defendants' correct mailing addresses and e-mail addresses, plaintiff made reasonable efforts to determine these addresses from Panama court records and Internet websites. Additionally, the e-mail delivery receipts and the Fed Ex tracking documentation submitted indicate that the service papers were delivered and signed for. As such, it is likely that defendants actually received plaintiff's prior notifications regarding the litigation at those addresses.

Furthermore, the court acknowledges the limitations of e-mail service identified by the Ninth Circuit and outlined above. However, in an attempt to address any potential technological issues that may arise with e-mail service, such as system compatibility problems with attachments, the court is also requiring the additional service by U.S. Express Mail International.

CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to serve process on defendants Berrocal and Arosemena pursuant to Fed. R. Civ. P. 4(f)(3) (dkt. no. 190) is GRANTED along the terms outlined in this order.

2. Within seven (7) days of the date of service of this order, plaintiff shall effectuate service pursuant to Fed. R. Civ. P. 4(f)(3) by having the required service papers and a copy of this order served on defendants Berrocal and Arosemena via BOTH:

(a) e-mail, at all known e-mail addresses for each defendant, and

(b) U.S. Express Mail International, all postage pre-paid, at all known mailing addresses for each defendant. Plaintiff shall also file a declaration from the process server indicating the date on which both methods of service were accomplished.

3. Service will be deemed complete within 14 days after the papers to be served by U.S. Express Mail International are deposited in the mail.

DATED: April 20, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Johnson.1968.email.serv.wpd